ness, or lack of effectiveness, of the defendant's prior counsel. *See Commonwealth v. Neal,* 421 Pa.Super. 478, 618 A.2d 438 (1992) (error to admit attorney-expert testimony on issue of trial counsel's ineffectiveness).[2]

Justice EAKIN joins this opinion.

909 A.2d 797

Douglas and Carol STRAUB, H/W

v.

CHERNE INDUSTRIES and Dealers Service

Appeal of Cherne Industries.

Douglas Straub and Carol Straub, H/W

v.

Cherne Industries and Dealers Service

Appeal of Cherne Industries.

Supreme Court of Pennsylvania.

Argued Oct. 18, 2006.

Decided Nov. 3, 2006.

**2.** On the separate question of the appellate standard of review, I agree with the Chief Justice that, evidentiary and credibility questions aside, no particular deference is due to a PCRA judge's determination of the *Strickland* question. Indeed, this precept was a prime basis for my penalty-phase dissent in *Collins.* *See* 888 A.2d at 590 (Castille, J., joined by Eakin, J., concurring and dissenting) ("Although this Court must defer to the credibility findings of the PCRA court in cases where contested material facts are at issue, the determination of the reasonableness of counsel's conduct under the Sixth Amendment—the performance prong of *Strickland*—is not one warranting any particular deference to the PCRA hearing judge, particularly where, as here, that judge is not the same judge who presided at trial.").

Daniel Lloyd Hessel, Esq., Gaele M. Barthold, Esq., Cozen O'Connor, Thomas F. Reilly, Esq., Swartz, Campbell, L.L.C., Philadelphia, for Cherne Industries.

Laura A. Feldman, Esq., Thomas Joseph Duffy, Esq., Michael A. Hamilton, Philadelphia, for Douglas and Carol Straub.

Joseph P. Connor, Esq., Connor, Weber & Oberlies, Paoli, for Dealers Service.

Frank P. Murphy, Esq., Murphy, Woodward & Haskins, Norristown, for amicus curiae Pennsylvania Trial Lawyers Association.

James Michael Beck, Esq., Dechert L.L.P., Philadelphia, for amicus curiae Product Liability Advisory Council, Inc.

BEFORE: CAPPY, C.J., and CASTILLE, SAYLOR, EAKIN, BAER and BALDWIN, JJ.

## ORDER

PER CURIAM.

Appeals dismissed as having been improvidently granted.

Justice NEWMAN did not participate in the consideration or decision of this case.